**LIFE INSURANCE COMPANY OF NORTH AMERICA,**
Plaintiff–Appellee,

v.

**Lindea L. LEESON, Defendant–Appellant,**

**Paula D. Merritt, Defendant.**

**No. 02–3401.**

United States Court of Appeals,
Sixth Circuit.

Nov. 6, 2003.

George Rudolph Ambro and John A. Yaklevich, Columbus, OH, for Defendants-Appellants.

BEFORE: KENNEDY, GUY, and DAUGHTREY, Circuit Judges.

PER CURIAM.

The plaintiff, Life Insurance Company of America, filed this interpleader action against two defendants with competing claims to the proceeds of a life insurance policy that had been issued to James Leeson as part of an employee welfare benefit plan. His sister, defendant Paula Merritt, was listed as the beneficiary on a designation form dated May 7, 1996. Shortly after James Leeson was killed in an automobile accident in July 1999, his wife, defendant Lindea Leeson, sent the insurance company a change-of-beneficiary form dated some four months prior to his death that named her as the sole beneficiary to $103,000 in proceeds under the policy. The district court awarded the proceeds to Paula Merritt on cross motions for summary judgment, and Lindea Leeson appeals. We find no error and affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

At the time of his death on July 16, 1999, James Leeson was insured through his employment with Roadway Express in a group life insurance plan underwritten by the plaintiff insurance company. The group policy provided that death benefits would be "paid to the Insured's named beneficiary, if any, on file at the time of payment." The problem in this case is that the name on file at the time of James

Leeson's *death* was that of his sister, Paula Merritt, but before the "time of *payment*" arrived, his wife, Lindea Leeson, had delivered to the insurance company a change-of-beneficiary form purportedly signed by James Leeson that named her as beneficiary. Thus, defendant Lindea Leeson argued, she was the "named beneficiary" at the "time of payment" and was therefore entitled to the proceeds of the policy. Of course, this result would follow only if the change in beneficiary from Paula Merritt to Lindea Leeson was effective under the terms of the policy.

That policy contains the following provision governing the insured's right to change beneficiaries:

> The Insured may change the beneficiary at any time by giving written notice to the Employer or the Insurance Company.... No change in beneficiary will take effect until the request is received by the Employer or the Insurance Company. When this request is received, it will take effect as of the date of the request. If the Insured dies before the request is received, the Insurance Company will not be liable for any payment that was made before receipt of the request.

The record indicates that James Leeson had married Lindea Leeson, who was not his first wife, in October 1998. He had apparently named his sister Paula as the beneficiary on his life insurance policy while he was – as someone in the family put it – "between wives." Subsequent to his marriage to Lindea, he began making it known that he planned to change his beneficiary, telling his mother and at least one of his sisters, Reta Campbell, that he wanted to make Lindea the new beneficiary. According to Lindea, he had filled out and signed a change-of-beneficiary form in her name on March 24, 1999, gave the form to her, along with several other pa-

pers, and asked her to "take care of [them]." However, Lindea Leeson merely placed the papers in a ceramic napkin holder in the dining room. A few months later, in July, James Leeson asked if she had taken care of the papers and, when she told him she had not, he asked her to give them back to him. He then apparently stored the papers, including the change-of-beneficiary form, in his lunch pail, where his wife found them after his death. (According to family members, James Leeson had previously referred to his lunch pail as his "traveling file cabinet" and often stored important papers there.) Lindea Leeson eventually mailed the form to Roadway.

Once notified that there were competing claimants to the proceeds of the policy, the insurance company filed this interpleader action asking the district court to determine to whom payment should be made. Following the filing of cross-motions, the district court denied Lindea Leeson's motion for summary judgment and sustained Paula Merritt's motion.

## DISCUSSION

Although there was some dispute about the issue in the district court, on appeal the parties appear to have accepted the district court's ruling that ERISA preempts state law concerning the change of beneficiaries and that a "substantial compliance" standard applies. The remaining issue is whether James Leeson's actions complied with the plain language of the policy and, if not, whether they nevertheless constituted "substantial compliance" with the policy terms sufficient to effect a valid change in beneficiary from Paula Merritt to Lindea Leeson.

Based upon a plain reading, the district court concluded that James Leeson's actions did not meet the requirements of the change-of-beneficiary provision of the poli-

cy, specifically the requirement that *the insured* give written notice to his employer or to the insurance company. The district court focused on the fact that although Leeson may have filled out the form, *he* never actually gave the form either to the insurance company or to his employer. We note, in addition, that while delivery might also have been effectuated by an agent acting at the insured's direction, in this case the insured had regained possession of the change-of-beneficiary form from his wife, and his failure to take any further action to effect delivery simply cannot be taken to constitute substantial compliance under relevant circuit case law.

As the district court noted in a detailed and well-reasoned opinion, "substantial compliance" requires that the insured do "all that he reasonably could do to meet the conditions of the policy." *Magruder v. Northwestern Mutual Life Ins.*, 512 F.2d 507, 509 (6th Cir.1975). It can fairly be argued that James Lawson took steps toward changing the beneficiary in this case, but it cannot be concluded that he did *all that he reasonably could have done.* Moreover, although there is an indication in the record that Leeson spent some time serving a jail sentence between the date on the subsequent change-of-beneficiary form and the date of his death, there simply is no evidence to establish that he did not have a reasonable amount of time in which either to mail the form or to turn it in at his workplace.

### CONCLUSION

Having had the benefit of oral argument and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in deciding in favor of Paula Merritt's claim to the disputed insurance proceeds. Because the reasons why summary judgment should have been entered in her favor have been fully articulated by the district court, the issuance of an additional detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its opinion and order filed on March 19, 2002.